May 7, 2012

The Honorable Mike Hamilton
Chair, Committee on Licensing and
    Administrative Procedures
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0926

Re: Whether a website may charge a fee to participants who answer questions for the opportunity to win prizes (RQ-1011-GA)

Dear Representative Hamilton:

You describe an e-commerce website that offers an opportunity, after the payment of an entry fee, for members of the public to participate in a contest that awards prizes.[1] You reference the website's proposed contest rules and seek an opinion on the legality of the contest. *See* Request Letter at 1 (referring to contest rules, *available at* https://holeykow.com). You ask whether it is a "violation of Texas law for an e-commerce site to permit visitors to pay an entry fee for an opportunity to take a quiz that would test their knowledge, skill and speed, if the contestants with the best overall scores were awarded valuable prizes[.]" Request Letter at 1.

The contest requires participants to pay an entry fee to take a quiz of up to 100 multiple choice[2] questions, the subject matter of which is unknown until the participant sets up an account and pays the nonrefundable entry fee. *See* "How our contests work," at Nos. 2, 5, *available at* https://holeykow.com/index.php?action=help/3. The participant's task is to pick the "'most correct'" answer for each question. *Id.* at No. 2. The quiz is also timed, and the participant's quiz completion time is used to determine a winner among participants with the same number of correct answers. *See id.* at No. 4. The winner receives a prize selected and offered by the website operator, but the prize comes directly from a third-party vendor or merchant. *See* "Our Official Contest Rules, Regulations and Disclaimers–Products, Services and the Award Process," at A, *available at* https://holeykow.com/index.php?action=help/8. You are primarily concerned about whether the entry fee required to participate in the online contest constitutes a "bet" in violation of the Penal Code's gambling prohibitions. *See* Request Letter at 1–2 (discussing meaning of the term "bet").

---

[1]Letter from Honorable Mike Hamilton, Chair, House Comm. on Licensing & Admin. Procedures, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 21, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]The contest rules also state that "[q]uizzes may be of any format such as a brief essay, multiple choice, fill in the blanks, select and match or any combination of these" at the discretion of the website operator. "How our Contests Work," at No. 5, *available at* https://holeykow.com/index.php?action=help/3 (last visited Apr. 24, 2012).

Thus, we limit our opinion to a consideration of the relevant Texas Penal Code provision. *Cf.* Tex. Att'y Gen. Op. No. DM-344 (1995) at 3, 5 (discussing federal laws relevant to computer gaming).

Subsection 47.01(1) of the Penal Code defines "bet" to mean "an agreement to win or lose something of value solely or partially by chance. A bet does not include . . . (B) an offer of a prize, award, or compensation to the actual contestants in a bona fide contest for the determination of skill, speed, strength, or endurance . . . ." TEX. PENAL CODE ANN. § 47.01(1)(B) (West 2011). You describe the contest about which you inquire as one involving knowledge, skill, and speed. *See* Request Letter at 1. While we do not opine on the legality of any particular contest, we advise you generally that if the online contest is in actuality one of skill or speed, and does not involve an element of chance, a court could conclude that this arrangement falls within the scope of subsection (B) and is excluded from the definition of a bet. *See id.* § 47.01(1)(A)–(B); *but see* Tex. Att'y Gen. Op. No. GA-0335 (2005) at 4 ("If an element of chance is involved in a particular game, it is embraced within the definition of 'bet.'").

You also raise the possibility that the online contest could implicate chapters 2001 and 2002 of the Occupations Code, which govern bingo and charitable raffles, respectively. *See* TEX. OCC. CODE ANN. §§ 2001.001–.657 (West 2012) ("Bingo Enabling Act"), 2002.001–.058 ("Charitable Raffle Enabling Act"). Under chapter 2001, "bingo" is defined as "a specific game of chance, commonly known as bingo or lotto, in which prizes are awarded on the basis of designated numbers or symbols conforming to randomly selected numbers or symbols." *Id.* § 2001.002(4). Chapter 2002 defines a "raffle" to mean "the award of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised a thing of value for a ticket that represents a chance to win a prize." *Id.* § 2002.002(6). These definitions refer to specific types of games of chance that the Legislature has authorized under other circumstances and do not on their face appear to apply to the online contest that you describe.

## S U M M A R Y

The mere payment of an entry fee to participate in a contest that tests skill or speed, and that does not involve an element of chance, could be found not to constitute a bet under subsection 47.01(1)(B) of the Texas Penal Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee